UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:09-cr-77-FtM-29SPC

IVAN CURBELO
_____

**FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

This matter came before the Court on a limited remand from the Eleventh Circuit Court of Appeals (Doc. #504) filed on July 7, 2011. Defendant's retained counsel moved to withdraw as counsel on appeal, and the Eleventh Circuit remanded the matter to the district court for an evidentiary hearing, and to submit findings of facts and conclusions of law. The Court conducted the evidentiary hearing on August 29, 2011, with defendant, various family members, retained counsel, and counsel for the government present.[1]

The Court makes the following findings of fact:

1. Defendant Ivan Curbelo retained attorney Rene Suarez pursuant to an oral agreement. Both defendant and counsel agree that the fee was $15,000, and the services to be provided by counsel did not include an appeal. The $15,000 was paid from $6,000 contributed by defendant's sister and $9,000 contributed by

---

[1] Defendant and his attorney advised that they did not require an *in camera* proceeding and did not have any objections to the presence of government counsel.

defendant's wife's daughter. No additional amount is due to Mr. Suarez.

2. Mr. Suarez filed a Motion for Substitution of Counsel (Doc. #77) on October 15, 2009. An Order (Doc. #81) granted the motion the next day, and Mr. Suarez represented defendant for the duration of the proceedings in the district court.

3. A five-count Superceding Indictment (Doc. #104) was filed on October 27, 2009. An eight-day jury trial was conducted from May 18 through May 28, 2010, and defendant was sentenced on September 13, 2010, and Judgment (Doc. #420) was entered the next day. Mr. Suarez represented defendant during pretrial, trial, and sentencing.

4. Mr. Suarez estimated that he spent over 200 hours reviewing discovery materials and preparing for trial, in addition to the eight days of actual trial time. Because he charged a flat fee, Mr. Suarez maintained no time records. The Court finds that an estimate of 200 hours pretrial time and at least 50 hours trial time is a conservative but reasonable estimate. This yields an hourly rate of $60 per hour for Mr. Suarez's professional services.

5. The Court heard testimony from defendant, who confirmed the statements of Mr. Suarez regarding the attorney-client relationship and fee arrangements. Defendant also confirmed that the information in the Affidavit he signed on February 24, 2011, for the Eleventh Circuit Court of Appeals was and is true and

accurate, and that he has no assets from which to pay an attorney for services on appeal. Defendant is serving a ten year sentence of imprisonment, and has no current income. Defendant also testified he spoke with various family members, and none are able to contribute any money for an appellate attorney.

6. The Court also heard testimony from defendant's wife, the wife's daughter, and defendant's cousin. All testified that they had no funds which could be contributed to help pay for an appellate attorney for defendant, and each had financial obligations of their own which made this testimony credible.

The Court makes the following conclusions of law:

1. Under 18 U.S.C. § 3006A, an eligible defendant is entitled to have counseled representation when, *inter alia*, the Sixth Amendment requires it or when the defendant "faces loss of liberty in a case, and Federal law requires the appointment of counsel." 18 U.S.C. § 3006A(a)(1)(H)-(I).

2. A defendant in a criminal case has a Sixth Amendment right to counsel on direct appeal, Hill v. Jones, 81 F.3d 1015, 1024 (11th Cir. 1996), and therefore may have counsel appointed pursuant to Section 3006A.

3. To be eligible for court appointed counsel, a criminal defendant must be "financially unable to retain counsel". 18 U.S.C. § 3006A(b). If a defendant is financially unable to pay

counsel whom he retained, counsel may be appointed for proceedings, including an appeal. 18 U.S.C. § 3006A(c).

4. In this context, a defendant need not literally be "indigent," although indigency is sufficient but not necessary for the appointment of counsel. Government of Canal Zone v. Peach, 602 F.2d 101, 105 n.1 (5th Cir. 1979). "Indigency" is a shorthand way of stating a person is financially unable to retain counsel. United States v. Barcelon, 833 F.2d 894, 895 n.2 (10th Cir. 1987).

5. Defendant bears the burden of persuading the court that he is financially unable to obtain counsel. Barcelon, 833 F.2d at 896.

6. Defendant Ivan Curbelo has met his burden of establishing that he is financially unable to pay his retained counsel for an appeal and is financially unable to retain other counsel for his appeal.  If Mr. Suarez is permitted to withdraw, defendant is eligible for appointment of counsel for his appeal.

7.  The attorney fee received by Mr. Suarez covered representation through the sentencing, and did not include any services on appeal.

8. The fee paid to Mr. Suarez was not in excess of what would constitute a reasonable fee under the circumstance.  Indeed, the hourly rate is less than paid to court-appointed counsel.

Accordingly, it is now

**ORDERED**:

The Clerk of the Court shall transmit these Findings of Facts and Conclusions of Law, along with a copy of the transcript of the evidentiary hearing (Doc. #511), to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of August, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Ivan Curbelo
Eleventh Circuit Court of Appeals