```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

IVAN CURBELO,

    Plaintiff,

v.                              Case No: 2:14-cv-94-FtM-29CM
                               Case No: 2:09-cr-77-FtM-29SPC

UNITED STATES OF AMERICA,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. 557)[1] filed on February 14, 2014. The government filed a Response in Opposition (Cv. Doc. #7). For the reasons set forth below, petitioner's motion is denied.

**I.**

On October 27, 2009, a federal grand jury returned a five-count Indictment against eleven defendants. (Cr. Doc. #104.) Petitioner, Ivan Curbelo, and others were charged in Count I with conspiring from April 2002 through October 27, 2009, to manufacture

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

and to possess with intent to distribute 1,000 or more marijuana plants and to distribute and to possess with intent to distribute 100 or more kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), (b)(1)(B)(vii) and 846.  Count V charged petitioner and others with knowingly and intentionally manufacturing 100 or more marijuana plants with intent to distribute them on September 29, 2009, in violation of section 841(a)(1) and (b)(1)(B)(vii) and 18 U.S.C. § 2. (Cr. Doc. #104.) Petitioner was convicted by a jury of both counts. (Cr. Doc. #326.)  The Court sentenced petitioner to serve the mandatory minimum term of imprisonment of ten years to be followed by five years of supervised release. (Cr. Doc. #420.)

Petitioner filed a direct appeal raising five arguments: 1) the global-positioning-system (GPS) tracking evidence was obtained in violation of the Fourth Amendment; 2) trial counsel was ineffective for failing to move to suppress the GPS-tracking evidence; 3) the evidence was insufficient to support a sentencing enhancement for conspiracy to possess over 1,000 plants; 4) the court violated the Confrontation Clause by admitting the translated transcripts; and 5) the court erred in not submitting the forfeiture allegations to the jury.  Petitioner's conviction and sentence were affirmed. (Cr. Doc. #546.)  Petitioner's petition for writ of certiorari to the United States Court of

Appeals for the Eleventh Circuit was denied. Curbelo v. United States, 134 S. Ct. 962, (U.S. 2014).

Petitioner's timely § 2255 motion raises the same five grounds for relief that were raised on direct appeal. (Cv. Doc. #1; Cr. Doc. #557.)  The United States argues that petitioner's challenge is not cognizable; all of petitioner's claims have been previously resolved by the Eleventh Circuit Court of Appeals; petitioner is procedurally defaulted on his claims; and the petition lacks substantive argument and otherwise fails on the merits. (Cv. Doc. #7.)

## II.

Petitioner is not entitled to an evidentiary hearing.  A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b).  "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted).  See also Winthrop-Redin v. United States, 767 F.3d 1210, 1215-16 (11th Cir. 2014).  However, a "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715.

See also Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, he has not established that either trial counsel provided constitutionally ineffective assistance, or that he was otherwise deprived of a constitutional right. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

### III.

As noted above, the petition raises the same five grounds that were raised and addressed on direct appeal. In fact, the "argument" section of the petition (Cv. Doc. #1, pp. 5-18) is identical to the argument section submitted in petitioner's direct appeal.[2] Reply Brief of Appellant, Ivan Curbelo, United States v. Curbelo, 726 F.3d 1260 (11th Cir. 2013) (No. 10-14665-E), 2012 WL 4321851 (C.A. 11).

The Eleventh Circuit rejected petitioner's arguments with regard to Counts I, III, IV, and V. United States v. Curbelo, 726 F.3d 1260 (11th Cir. 2013). Specifically, the Eleventh Circuit found:  1) the district court did not err when it allowed the Government to present GPS-tracking evidence because petitioner waived his suppression claim by failing to file a motion to suppress, id. at 1266-67; 2) there was sufficient evidence to

---

[2] However, the Court notes that the discussion of Count V in the petition was cut short. (Cv. Doc. #1, p. 18.)

support petitioner's sentence enhancement in Count I, id. at 1269; 3) the admission of the transcripts was proper and did not violate the Confrontation Clause, id. at 1271-76; and 4) the petitioner was not entitled to have the forfeiture allegations submitted to a jury, id. at 1276-78. As to Count II, the Eleventh Circuit declined consideration of petitioner's ineffective assistance of counsel claim based on the record before it. Id. at 1267.

This Court "is not required to reconsider claims of error that were raised and disposed of on direct appeal." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. Id. Therefore, petitioner may not now relitigate the claims that were raised and resolved in his direct appeal.

**IV.**

The only issue remaining for this Court's consideration is whether petitioner's trial counsel was ineffective for failing to move to suppress the GPS-tracking evidence. For the reasons set forth below, the Court finds that petitioner was not denied his constitutional right to effective assistance of counsel.

**A.  Ineffective Assistance of Counsel Legal Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner

must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. Hinton v. Alabama, ___ U.S. ___, 134 S. Ct. 1081, 1087-88 (2014) (citing Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and Padilla v. Kentucky, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. Hinton, 134 S. Ct. at 1088 (citations omitted). A court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . ." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690) (internal quotation marks omitted). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeal, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010). Additionally, an attorney is not ineffective for failing to raise or preserve a meritless issue.

United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992); Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1087-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Hinton, 134 S. Ct. at 1089 (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

**B.   Application of Principles**

Petitioner asserts his counsel's performance was ineffective because he failed to file a motion to suppress the GPS-tracking evidence. Petitioner relies on the Supreme Court's holding that the attachment of a GPS-tracking device to a vehicle is a search within the meaning of the Fourth Amendment. United States v. Jones, 132 S. Ct. 945 (2012).

Here, the record shows that in the course of investigating this case, agents placed GPS-tracking devices on vehicles used by two co-defendants. (Cr. Doc. #446, pp. 72-73.) One of the GPS-tracking devices was installed on May 23, 2008. (Id.) The

investigators did not obtain a warrant before installing the tracking devices. The agents also conducted GPS-tracking of unspecified cellular phones. (Id. at p. 48.) The investigation lasted from early January 2008 through late September 2009. (Id. at p. 107.) Petitioner was arrested on September 29, 2009 and found guilty of both counts on May 28, 2010. (Cr. Doc. #19; Cr. Doc. #326.)

Circuit precedent during the relevant time period provided that law enforcement only needed reasonable suspicion to support lawful installation of a GPS-tracking device. See United States v. Michael, 645 F.2d 252, 257, 259 (5th Cir. 1981).[3] Petitioner does not argue the agents lacked reasonable suspicion to install the GPS-tracking devices. Therefore, even if Jones would have rendered the warrantless searches unreasonable, the agents' good-faith reliance upon Michael rendered exclusion inappropriate because, at the time of the GPS searches, Michael was binding precedent that clearly dictated the constitutionality of warrantless GPS surveillance. The Supreme Court has held that searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule, because "suppression would do nothing to deter police misconduct

---

[3] Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

in those circumstances." Davis v. United States, 564 U.S. 229, (2011); United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012) (evidence seized in good-faith reliance on Eleventh Circuit precedent (later overturned by the Supreme Court) precluded exclusion of that evidence). Thus, counsel's assessment of the law at the time was correct, and he was not constitutionally ineffective for his decision not to challenge the GPS-tracking evidence. A change of law does not entitle a habeas petitioner to relief. E.g., McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., ___ F.3d ___, 2017 WL 977029 (11th Cir. Mar. 14, 2017).

In addition, petitioner does not allege that his own cellular phone was monitored or that he owned or possessed the vehicles on which the GPS-tracking devices were placed. Rather, the record shows the vehicles that were tracked belonged to co-defendants. (Cr. Doc. #446, pp. 72-73.) Furthermore, it is unclear from the record which defendants' cellular telephones were tracked. Consequently, there is no evidence that petitioner's cellular telephone or vehicle was monitored by GPS-tracking devices and therefore no evidence that petitioner would have "standing" to raise challenges.

Petitioner's counsel had no basis for filing a suppression motion. An attorney is not ineffective for failing to raise or preserve a meritless issue. Winfield, 960 F.2d at 974. Because petitioner has failed to make the required showing of either

in those circumstances." Davis v. United States, 564 U.S. 229, (2011); United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012) (evidence seized in good-faith reliance on Eleventh Circuit precedent (later overturned by the Supreme Court) precluded exclusion of that evidence).  Thus, counsel's assessment of the law at the time was correct, and he was not constitutionally ineffective for his decision not to challenge the GPS-tracking evidence.  A change of law does not entitle a habeas petitioner to relief.  E.g., McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., ___ F.3d ___, 2017 WL 977029 (11th Cir. Mar. 14, 2017).

In addition, petitioner does not allege that his own cellular phone was monitored or that he owned or possessed the vehicles on which the GPS-tracking devices were placed.  Rather, the record shows the vehicles that were tracked belonged to co-defendants. (Cr. Doc. #446, pp. 72-73.)  Furthermore, it is unclear from the record which defendants' cellular telephones were tracked. Consequently, there is no evidence that petitioner's cellular telephone or vehicle was monitored by GPS-tracking devices and therefore no evidence that petitioner would have "standing" to raise challenges.

Petitioner's counsel had no basis for filing a suppression motion.  An attorney is not ineffective for failing to raise or preserve a meritless issue.  Winfield, 960 F.2d at 974.  Because petitioner has failed to make the required showing of either

deficient performance or prejudice, Count II is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #557) is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted).

Petitioner has not made the requisite showing in these circumstances.

Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 11 -